**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

POWER MEUS, as Personal Representative of the Estate of Power Ed Meus, deceased, and on behalf of Natural Father, Power Meus, DELPHINE MEUS JEAN NOEL, Mother, WISLAINE MEUS, Wife, TASHA REDMOND, as Natural Mother and Legal Guardian of Sah Von Meus, a minor child of Power Ed Meus, deceased,

      Plaintiffs,

v.                                                    CASE NO. 2:11-CV-361-FtM-36DNF

THE GEO GROUP, INC., formerly known as WACKENHUT CORRECTIONS CORP., doing business as MOORE HAVEN CORRECTIONAL FACILITY, GEO CARE, THE STATE OF FLORIDA DEPARTMENT OF MANAGEMENT SERVICES, Bureau of Correctional Privatization (formerly The Correctional Privatization Commission), FLORIDA DEPARTMENT OF CORRECTIONS, JOHN MCCARDEL, individually and in his capacity as Health Care Services Administrator for the Moore Haven Correctional Facility, The Geo Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care, Inc., TOM C. LEVINS, individually and in his capacity as Warden/Facility Administrator for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care Inc., TIMOTHY LOVELL, Lieutenant, individually and in his capacity as a Correctional Officer for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care Inc., TRACY ANDERSON, individually and in her capacity as a Licensed Practical Nurse for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care Inc., KATHY ROBERTS, individually and in her capacity as a Licensed Practical Nurse for the Moore Haven Correctional Facility, The GEO

Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care, Inc., ELAINE MCGRORY, individually and in her capacity as a Licensed Registered Nurse for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care Inc., VICKY CANTER, individually and in her capacity as a Licensed Registered Nurse for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care Inc., KATHLEEN LIVERMORE, individually and in her capacity as a Licensed Practical Nurse for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care, Inc., SANDRA DUNIVENT, individually and in her capacity as a Licensed Practical Nurse for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care, Inc., SUSHMA PAREKH, individually and in his capacity as a Licensed Medical Doctor for the Moore Haven Correctional Facility, The GEO Group, Inc., f/k/a Wackenhut Corrections Corporation and/or GEO Care Inc.,

        Defendant(s).
_____/

## ORDER

This matter comes before the court for consideration upon the Report and Recommendation filed by United States Magistrate Judge Sheri Polster Chappell on August 15, 2011 (Dkt. 12), recommending that the Court transfer the present action to the United States District Court for the Southern District of Florida. The Magistrate Judge also recommends that the Court deny Plaintiffs'

Motion for Attorney's Fees (Dkt. 9).[1]   No party filed an objection to the Report and Recommendation, and the time to do so has expired.

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.  The Court is satisfied that this case, which was originally filed in the Circuit Court of the Fifteenth Judicial Circuit, located in the Southern District of Florida, and removed to the Middle District of Florida should be transferred to the Southern District in the interests of justice.  *See* 28 U.S.C. § 1406(a).  Additionally, the Court is satisfied that this case does not present unusual circumstances that would permit the award of attorney's fees pursuant to 28 U.S.C. § 1447(c).  *See Hall v. W.S. Badcock Corp.*, No. 8:10-cv-2532-T-33EAJ, 2010 WL 5137832, at *1-2 (M.D. Fla. Dec. 10, 2010)(citing *Martin v. Franklin Capital Group*, 546 U.S. 132, 136, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)).

Accordingly, it is hereby, **ORDERED** and **ADJUDGED** as follows:

1)   The Report and Recommendation of the Magistrate Judge (Dkt. 12) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2)   This cause is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida for all further proceedings.

3)   Plaintiffs' Motion for Remand, Request for Attorney's Fees (Dkt. 9) is **DENIED**.

---

[1] Plaintiffs filed a Motion for Remand, Request for Attorney's Fees and Supporting Memorandum of Law (Dkt. 9).

4) The Clerk of Court is hereby directed to terminate all pending motions, immediately transfer this cause to the United States District Court for the Southern District of Florida and **CLOSE** this case.

**DONE AND ORDERED** at Ft. Myers, Florida, on August 31, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD